NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HUBERT DORCANT,  Petitioner,  v.  UNITED STATES OF AMERICA,  Respondent. | **ORDER**  Crim No. 06-677 (WHW) |

**Walls, District Judge**

Petitioner Hubert Dorcant moves for a writ of habeas corpus to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255.

IT IS on this 12th day of August, 2010

ORDERED that Petitioner's motion is DENIED.

s/William H. Walls
United States Senior District Judge

NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| HUBERT DORCANT,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **OPINION**<br><br>Crim No. 06-677 (WHW) |

**Walls, District Judge**

Petitioner Hubert Dorcant has filed this <u>pro se</u> petition for a writ of habeas corpus to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. Petitioner's motion is denied.

## **Background**

On July 22, 2004, agents of Immigration and Customs Enforcement arrested petitioner pursuant to a federal warrant. At the time, petitioner was the owner and operator of Helping Hands Services, Inc., a company "engaged in the business of assisting individuals in the preparation of immigration applications."

The government alleges that petitioner defrauded the Immigration Service by preparing and filing false documents for six illegal aliens. The government further claims that petitioner:

> (1) falsely represented to his clients that they were eligible for legalization and other benefits and programs from the Immigration Service despite knowing that his clients were not, in fact, eligible for legal status; (2) falsely assured his clients he would be successful in obtaining legalization or other benefits on their behalf; (3) falsely held

>himself out to his clients as an attorney who was qualified to represent them before the Immigration Service; (4) instructed his clients to sign blank immigration forms and informed them that he would complete the forms on their behalf; (5) prepared and presented false and fraudulent documents to the Immigration Service on behalf of his clients, knowing that such documents were false and fraudulent; (6) mailed false documents from New Jersey to the Immigration Service in other states; and (7) charged and accepted excessive fees for his service from his clients.

(Resp. Br. 4.)

On November 29, 2006, a grand jury returned a superseding indictment against defendant, alleging a total of sixteen counts of immigration fraud-related offenses: (1) presentation of false immigration documents (counts one through eight), in violation of 18 U.S.C. § 1546(a); (2) mail fraud (counts nine through thirteen), in violation of 18 U.S.C. § 1341; and (3) making false statements (counts fourteen through sixteen), in violation of 18 U.S.C. § 1001.

Petitioner pled not guilty to all charges. At his trial, nine witnesses testified against him, including six clients. Among the client-witnesses was Varinder Singh, whom petitioner allegedly assisted in obtaining citizenship based on a sham marriage. Singh testified at petitioner's trial with respect to events that occurred before he was approached by law enforcement. On November 7, 2008, a jury returned a guilty verdict against petitioner on all counts.

On January 21, 2009, at sentencing, defense counsel requested a downward departure from the advisory guideline range of 33 to 41 months on the grounds that petitioner had not intended to commit a crime, but rather just intended to "test the limits" of the immigration system, and also because petitioner had strong family ties and responsibilities.

2

This Court sentenced petitioner to a forty-one month prison term for each of the counts, to be served concurrently. This Court also ordered petitioner to serve three years of supervised release for each count, as well as to pay restitution.

Petitioner filed timely notice of appeal from this Court's final judgment. On March 17, 2010, the Third Circuit affirmed this Court's decision. Petitioner now brings this motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Petitioner claims that his counsel was ineffective, and that he is entitled to an evidentiary hearing on his claims.

## **Standard of Review**

### **I. Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255**

Section 2255 states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). To obtain collateral relief under § 2255, "a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982).

Section 2255 also provides that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court must grant a hearing. 28 U.S.C. § 2255(b); see also Solis v. United States, 252 F.3d 289, 294 (3d Cir. 2001) ("Section 2255 requires that a hearing precede any District Court determination of a disputed issue of fact concerning petitioner's entitlement to relief.").

3

The right to a hearing is protected by a demanding standard but it is not absolute, and "[i]t is within the district court's discretion to determine whether a hearing is warranted." Antioco v. United States, No. 08-2112, 2009 U.S. Dist. LEXIS 23116, at *10 (D.N.J. Mar. 29, 2009) (quoting Pham v. United States, 317 F.3d 178, 184 (2d Cir. 2003)). If the record conclusively shows that petitioner is not entitled to relief, the Court need not hold a hearing. Solis, 252 F.3d at 295 (citing United States v. Laetividal-Gonzalez, 939 F.2d 1455, 1465 (11th Cir. 1991)) (holding that a "defendant would not be entitled to a hearing if his allegations were contradicted conclusively by the record, or if the allegations were patently frivolous."). A district court may summarily dismiss a motion brought under § 2255 without a hearing where the "motion, files and records, 'show conclusively that the movant is not entitled to relief.'" United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994) (quoting United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992)).

**II. Ineffective Assistance of Counsel**

The Sixth Amendment provides that "in all criminal prosecutions the accused shall enjoy the right to have assistance of counsel for his defense." U.S. Const. Amend. VI. A defendant has the right not just to counsel but to "reasonably effective assistance of counsel." Day, 969 F.2d at 22.

To prove an ineffective assistance of counsel claim under the Sixth Amendment, a petitioner must satisfy the two-prong test set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). Petitioner must show that (1) counsel's performance fell

4

below an objective standard of reasonableness, and (2) this deficient performance prejudiced petitioner. Id. at 692.

To satisfy the first prong of the Strickland test, the defendant must show that counsel's performance was deficient. "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Strickland, 466 U.S. at 690. The defendant must provide factual evidence rather than "mere speculation" that counsel's performance at trial fell below "minimum professional standards." United States v. Rogers, 755 F.2d 533, 541 (7th Cir. 1985). In assessing whether counsel was competent, judicial scrutiny of an attorney's performance must be highly deferential. See Strickland, 466 U.S. at 689 (holding that the reviewing court should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

Second, the defendant must show that the deficient performance prejudiced him. This step requires the defendant to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. Id. at 693; Brown v. United States, 75 F. Supp. 2d 345, 348 (D.N.J. 1999).

Both prongs must be established in order for the petitioner to meet his burden. If either prong is not satisfied, the claim of ineffective assistance of counsel must be rejected. See Strickland, 466 U.S. at 697. If a lack of prejudice has already been established, "examining the deficiency prong of the test has been explicitly discouraged by the Supreme Court of the United

States." Darr v. United States, No. 06-608, 2006 U.S. Dist. LEXIS 65518, at *8 (D.N.J Sept 14, 2006) (citing Strickland, 466 U.S. at 697).

## Analysis

### A. Alleged Failure to Request Brady Material

Petitioner claims that his trial counsel failed to file a motion requesting Brady material from the government, which constituted ineffective assistance of counsel. The Court rejects this argument.

"The suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." Brady v. Maryland, 373 U.S. 83, 87 (1963). Even absent a request by defense counsel, the prosecution must still disclose Brady material. See United States v. Agurs, 427 U.S. 97, 107 (1976) (stating that "there is no significant difference between cases in which there has been merely a general request for exculpatory matter and cases, like the one we must now decide, in which there has been no request at all."). This duty to provide Brady material is founded in the due process clause of the fifth and fourteenth amendments of the United States Constitution. Id. Moreover, the Court in this action entered a discovery order requiring the government to disclose Brady material. (See Order for Discovery and Inspection, Dec. 7, 2006). Because the government was required to turn over to the defense any Brady material it had, both by the United States Constitution as interpreted by the Supreme Court, as well as by this Court's December 7, 2006 Order, the alleged failure of defense counsel to specifically request Brady material cannot be said to have prejudiced petitioner.

Additionally, petitioner has not pointed to any evidence that shows that Brady material existed and was not turned over. As a result, petitioner has no basis to contend that his counsel's performance was deficient, or that he was prejudiced by his counsel's alleged failure to request Brady material. See Armatullo v. Taylor, No. 04 Civ. 5357, 2005 U.S. Dist. LEXIS 21383, at *54 (S.D.N.Y. Sept. 28, 2005) ("Without any showing that such evidence existed, Armatullo has no basis to claim that the government was responsible for withholding it."). Moreover, the government continues to assert that there was no "exculpatory evidence that were not disclosed (as, indeed, there are none)." (Resp. Br. 10). Petitioner has failed to satisfy the first prong of Strickland analysis, because he has not shown that his counsel's performance was deficient. Strickland, 466 U.S. at 690. He also has not met the requirement of the second prong of the Strickland analysis, which entails a showing of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Petitioner also cannot fault his counsel for failing to submit a motion to inspect the government's files, because the defense counsel does not have a right to review the entirety of the prosecution's files. See United States v. Bagley, 473 U.S. 667, 675 (1985) (holding that the prosecutor is only under an obligation to turn over material related to the guilt or punishment of the defendant, but is not required to provide his entire file to the defense for review.). Petitioner's mere speculation regarding the theoretical exculpatory evidence the prosecution may have is not sufficient to require the government to turn over their files. See United States v. American Radiator & Standard Sanitary Corp., 433 F.2d 174, 202 (3d. Cir. 1970) ( We do not

believe that appellants' mere speculation about materials in the government's files requires the district court or this court under Brady to make the materials available for their inspection.").

**B. Alleged Failure to Investigate, Interview, and Call Witnesses During Trial**

Petitioner contends that his counsel "failed to investigate, interview and call . . . witnesses, such as Baldev Singh, Sharon Gordon, and Velma Williams." (Pet. Br. 17.) Additionally, petitioner claims that defense counsel failed to call Jerome Audige as a witness during trial, despite petitioner's request. (Id. at 16.)

"[W]here a petitioner claims his trial counsel failed to call a witness, he must make a specific, affirmative showing as to what the evidence would have been, and prove that this witness's testimony would have produced a different result." United States v. Edwards, Crim. No. 96-592, Civ. No. 99-4156, 2000 U.S. Dist. LEXIS 6419, at *17 (E.D. Pa. May 8, 2000). With respect to an allegation of ineffective assistance of counsel, "mere speculation about what the witnesses . . . might have said" is not sufficient. United States v. Gray, 878 F.2d 702, 712 (3d. Cir. 1989); see also Campbell v. Burris, 515 F.3d 172, 184 (3d. Cir. 2008) (finding that because appellant's failed to even allege what the witness would have said to help him, he did not meet the requirements of a Strickland level of prejudice).

Here, the petitioner has failed to indicate with any level of specificity any exculpatory testimony that these witnesses could have conveyed that would have assisted petitioner with his case. As such, it follows that he cannot show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 695.

With regard to Audige, the petitioner alleges that Audige was "the key person who sought petitioner's assistance to accompany Varinder Singh" to the Immigration office, where Singh received an extension to his visa. (Pet. Br. 16.) It is possible to glean from petitioner's brief that petitioner believes that if Audige were to have testified at his trial, he would have been useful in establishing a defense of entrapment. (Pet. Br. 8.) However, petitioner has not shown that Audige ever acted as a government agent, or that his testimony would have been useful in sustaining this theory. (Resp. Br. 5.) Counsel's alleged failure to investigate, interview and call Audige does not meet the second prong of the Strickland analysis, because petitioner cannot show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 703.

**C. Alleged Failure to Argue that the District Court Erred in Several Evidentiary Rulings Related to Evidence Admitted**

Petitioner contends that "counsel failed to argue whether the District Court erred in several evidentiary rulings relating to speculative and Hearsay type evidence," and provides a laundry list of evidence that he feels counsel should have questioned. (Pet. Br. 23, 28.) Petitioner also claims that his trial counsel did not raise the evidentiary issues upon appeal that petitioner had suggested, instead solely focusing on the sentencing issue during the appeal stage. (Pet. Br. 23-24.) Petitioner further asserts that "[c]ounsel's acts and omissions here in this case rise to the level of ineffectiveness." (Id. at 25.)

With regard to the claim regarding speculative and hearsay evidence, petitioner fails to provide any reasoning as to why the evidence should have been rejected. (Pet. Br. 23, 28.) This argument fails for lack of specificity. See Rule 2 of Rules Governing § 2255 Proceedings

9

(stating that a habeas motion must "(1) specify all the grounds for relief available to the moving party; (2) state the facts supporting each ground").

Additionally, that counsel failed to pursue some lines of argumentation during appeal, and rather chose to focus on sentence reduction only, is a legitimate method of advocating for one's client.  See Smith v. Murray, 477 U.S. 527 (1986) (stating that "[t]his process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy") (quoting Jones v. Barnes, 463 U.S. 745, 751-752 (1983)).

### D. Alleged Entitlement to an Evidentiary Hearing on His Claim

Petitioner entreats the Court to grant him an evidentiary hearing on these issues. However, "[t]he granting of an evidentiary hearing is up to the discretion of the district court, and is not available to a petitioner unless the petitioner sets forth facts with sufficient specificity that the district court may be able, by examination of the allegations and the response, if any, to determine if further proceedings are appropriate." Mayberry v. Petsock, 821 F.2d 179, 185 (3d. Cir. 1987).

Here, petitioner is not entitled to an evidentiary hearing, because he has failed to set forth "facts with sufficient specificity" to warrant a hearing.

### Conclusion

Petitioner's request for relief pursuant to 28 U.S.C. § 2255 is denied.

**August 12, 2010**                                             s/William H. Walls
                                                                United States Senior District Judge